# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **AXIS INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  1:15-CV-1465-VEH |
| | ) |
| **APPEAL INSURANCE AGENCY** | ) |
| **INC, CHAD SANDERS, SANDERS** | ) |
| **CABINETRY, LLC, and GULF** | ) |
| **FINANCE, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

**I.      Introduction and Procedural History**

Plaintiff Axis Insurance Company ("Axis") filed this action for declaratory judgment on August 25, 2015, asserting diversity, 28 U.S.C. § 1332, as the basis for federal jurisdiction. (Doc. 1). Because this court perceived multiple problems with Plaintiff's diversity allegations, including those applicable to Defendant Gulf Finance, LLC ("Gulf"), on December 1, 2015, the court entered an order (Doc. 17) directing Axis to show cause within 14 days why the case should not be dismissed without prejudice for lack of jurisdiction. (*Id.* at 2).

On December 15, 2015, two filings were made:  (1) a Stipulation of Dismissal of Gulf (Doc. 18) (the "Stipulation") filed pursuant to Rule 41(a)(1)(A)(ii) and

executed by all parties who had made an appearance in this action; and (2) Axis's Motion for Leave To Amend Its Complaint for Declaratory Judgment (Doc. 19) (the "Leave Motion") filed pursuant to Rule 15(a)(2). For the reasons explained below, the court concludes that Axis has not shown good cause for the exercise of diversity jurisdiction and, accordingly, this case is due to be dismissed without prejudice.

## II.   Analysis

Because "federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1676, 128 L. Ed. 2d 391 (1994), this court must independently verify that it has subject matter jurisdiction over Axis's lawsuit. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In an effort to confer this court with the diversity jurisdiction that Axis implicitly concedes was originally absent, Axis relies upon the parties' Stipulation pertaining to the dismissal of Gulf and seeks leave for this court to accept its proposed amended pleading (Doc. 19-1), which contains no allegations about Gulf and purports to cure all other jurisdictional deficiencies previously delineated by the court.

The court's independent research confirms that a district court has the discretion to dismiss a dispensable nondiverse defendant under Rule 21 (*sua sponte*

or per party motion) and retroactively retain jurisdiction over the case even if the court did not have diversity jurisdiction at the onset. As explained in *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998):

> In *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989), <u>the Supreme Court held that federal courts of appeals have the authority-like that given to the district courts in Fed. R. Civ. P. 21–to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction</u>. Ingram argues that dismissing the City in this case would be inappropriate for two reasons. First, Ingram asserts that this court is as limited in its options as the district court was once it permitted the City to be joined-the district court's only option under section 1447(e) was to remand the case to state court. Likewise, Ingram claims, section 1447(e) leaves this court with no alternative but to direct the district court to remand this case to state court. *Newman–Green*'s broad language, however, belies Ingram's contention that the district court's joinder ruling absolutely deprives this court of any discretion to retroactively restore subject matter jurisdiction. *See, e.g., Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 677-78 (1st Cir. 1994) (citing *Newman–Green* and dismissing dispensable diversity-spoiling defendants who were added as parties to the lawsuit after the case was removed to district court).

*Ingram*, 146 F.3d at 862 (footnote omitted) (emphasis added); *see also Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Fed. R. Civ. P. 19." (citing 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1685 (1972))).

What is considerably more murky is whether stipulating to the dismissal of a

3

nondiverse defendant and seeking leave to amend the complaint in a manner that removes any reference to that diversity-destroying defendant without ever addressing the issue of its dispensability to the lawsuit is an acceptable path to saving this case from a jurisdictional dismissal. None of the post-show cause order filings relied upon by Axis refer to Rule 21. *See Fritz* at 1154 ("A review of the record reveals that [Axis] never presented a formal motion to dismiss [Gulf] under Rule 21."). They also omit any contention, much less a reasoned explanation, why Gulf is a dispensable party under Rule 19. *Cf. Fritz*, 751 F.2d at 1155 ("This omission is perhaps attributable to the fact that [Axis] apparently never requested the court to determine that [Gulf] was not an indispensable party to the action under Rule 19, a finding that must be made before a Rule 21 dismissal of a nondiverse party is appropriate.") (emphasis added).

Instead, Axis perplexingly asks for the court to accept a Rule 41 stipulated dismissal of Gulf with prejudice (Doc. 18 at 1), even though Axis is aware that the court never properly had jurisdiction over Gulf at the onset of this action.[1] Such an

[1] A jurisdictional dismissal is always a "without prejudice" one. *See, e.g., Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))). In any event, Axis has not cited to a case which suggests that somehow a stipulated dismissal of a nondiverse defendant can ever be done so "with prejudice." *Cf. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court dismissal for lack of jurisdiction but reversing for entry of dismissal "without prejudice" on remand rather than

incongruent approach by Axis, <u>especially in the absence of any supporting authority</u>, does not constitute "good cause" for establishing the exercise of diversity jurisdiction as required by this court's show cause order. *Cf. Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971) ("It is settled that failure of the district court to acquire jurisdiction over indispensable parties to an action deprives 'the court of jurisdiction to proceed in the matter and render a judgment.'" (quoting *Schuckman v. Rubenstein*, 164 F.2d 952, 957 (6th Cir. 1947))).[2]

Whether Axis completely overlooked or attempted to skirt the dispensability issue is of no consequence–as *Newman-Green*, *Ingram*, and other binding cases unequivocally instruct, addressing Gulf's dispensability is a prerequisite to potentially curing this case's jurisdictional deficits. Additionally, the burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936), and, here, Axis's pre <u>and</u> post-show cause efforts to solidify the existence of subject matter jurisdiction are simply lacking.

Further, as the court is faced with a blank slate as to the dispensable *vel non*

---

"with prejudice" as originally and erroneously entered).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

status of Gulf under Rule 19,[3] the undersigned is not inclined to drop Gulf pursuant to Rule 21 *sua sponte*, which choice is clearly <u>not</u> erroneous. *See Fritz*, 751 F.2d at 1155 ("Although the district court had discretion under Rule 21 to dismiss the nondiverse party on its own motion, there is <u>no error here in the failure of the court to drop [Gulf] on its own motion</u>." (emphasis added) (citing *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082-83 (5th Cir. 1975))); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082-83 (5th Cir. 1975) ("However, Ray made no such [Rule 21] motion, and <u>no error can be predicated on the failure of the court to drop Melton on its own motion</u>." (emphasis added) (citing *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966)); *see also Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (citing to *Fritz* and "indicat[ing] that a district court's authority to dismiss a party who spoils complete diversity is permissive and discretionary").

While Axis has vaguely represented that because Gulf "has been dismissed from the state court action . . . [Gulf] . . . has no interest or stake in the outcome of

---

[3] "Rule 19 is [oftentimes] a two-step inquiry." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). The court must first decide, under Rule 19(a), whether the nondiverse party is "required" and, if so, then reach the second step of determining "whether, in equity and good conscience, the action should proceed among the existing parties [without the required nondiverse party] or should be dismissed" under Rule 19(b)'s framework of factors. *Id.*

6

this action"[4] and further that Axis does not oppose Gulf's motions to dismiss (Docs. 8, 9) that are pending in this court (Doc. 19 at 3), these too short-on-detail statements are insufficient for this court to *sua sponte* evaluate Gulf's role as required by Rule 19. *See Haas*, 442 F.2d at 398 ("This [dispensabilty] decision [under Rule 19(b)] is always a matter of judgment and <u>must be exercised with sufficient knowledge of the facts in order to evaluate the exact role of the absentees</u>.") (emphasis added); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-119, 88 S. Ct. 733, 743, 19 L. Ed. 2d 936 (1968) (explaining that "[t]he decision whether to dismiss (*i.e.*, the decision whether the person missing is 'indispensable') [under Rule 19(b)] <u>must be based on factors varying with the different cases</u>, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests") (emphasis added). In sum, a Rule 21 *sua sponte* decision to drop Gulf as a dispensable party under Rule 19 on such an undeveloped record would, in this court's view, be an unsound exercise in sheer speculation and, even if permissible,[5] is not a path the undersigned is willing to

---

[4] The attachments to Doc. 9 at 4, 7 indicate that Gulf was dismissed with prejudice by the state court because of a settlement that it reached with the plaintiffs, Chad Sanders and Sanders Cabinetry, LLC.

[5] The "[a]buse-of-discretion review 'recognizes the range of possible conclusions the trial judge may reach[,]'" *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004)).

undertake.

## III. Conclusion

Therefore, Axis's case is due to be dismissed without prejudice for lack of subject matter jurisdiction. Further, because of the court's foregoing jurisdictional decision, Axis's Leave Motion is due to be termed as moot. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 13th day of January, 2016.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge